UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTIN LEE HOFFMAN, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:09-CV-106 RM |
| ) | (Arising out of 3:06-CR-85 RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

Mr. Justin Lee Hoffman filed a motion for a certificate of appealability on November 18, 2008. The court denied Mr. Hoffman's 28 U.S.C. § 2255 petition on May 4, 2009. Due to a clerical error, the court vacated and re-entered its judgment on September 29. Mr. Hoffman argues that the following issues are appealable: (i) whether the district court erred in "not addressing" his ineffective assistance claim, allegedly misunderstanding the difference between fact and law; (ii) whether counsel rendered ineffective assistance, "where he failed to object on the basis that the verdict on Count Six may have rested on either of two predicates, one of which was insufficient as a matter of law"; and (iii) whether the district court abused its discretion in not holding a hearing on the ineffective assistance claim.

To obtain a certificate of appealability Mr. Hoffman must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). This means Mr. Hoffman must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. at 336. The court has reviewed the claims made in Mr. Hoffman's habeas petition and has made a general assessment of their merits, *see id.*, and finds that Mr. Hoffman is far from meeting his burden.

Mr. Hoffman was convicted, in relevant part, of two counts of possession of cocaine with intent to distribute (Counts 1 & 2) and, by general verdict, one count of possession of a firearm in furtherance of drug trafficking crime(s) (Count 6). He argues that Count 1 is factually, and therefore legally, insufficient to sustain the conviction for Count 6, and that his counsel provided ineffective assistance by not objecting to the jury instructions allowing him to potentially be convicted for possession in furtherance on the basis of a legally insufficient predicate offense. He posits that Stromberg v. California, 283 U.S. 359 (1931) and its progeny require that his § 2255 petition be granted.

As the court set out in its order denying Mr. Hoffman's § 2255 petition, Stromberg doesn't apply at all to his situation. The Supreme Court has clarified that Stromberg stands for the principle that "where a provision of the Constitution forbids conviction on a particular ground, the constitutional guarantee is violated by a general verdict that may have rested on that ground." Griffin v. United States, 502 U.S. 46, 53 (1991). But as the Griffin Court noted and affirmed, it is an

2

ancient common law principle—and one that <u>Stromberg</u> does not affect—that when there are multiple factual predicates to a charge, one of which the trial evidence doesn't support, one generally may conclude that the jury convicted on the factually supported charge. <u>Id.</u> at 49-51, 59-60. As the <u>Griffin</u> Court reaffirmed,

> It is one thing to negate a verdict that, while supported by evidence, may have been based on an erroneous view of the law; it is another to do so merely on the chance–remote, it seems to us–that the jury convicted on a ground that was not supported by adequate evidence when there existed alternative grounds for which the evidence was sufficient.

<u>Id.</u> at 59-60 (*quoting* <u>United States v. Townsend</u>, 924 F.2d 1385, 1414 (7th Cir. 1991)); *see also* <u>United States v. Podhorn</u>, 549 F.3d 552, 561 (7th Cir. 2008) (quoting same).

Because of the principles set forth in <u>Griffin</u>, counsel's not raising a <u>Stromberg</u> objection was not ineffective assistance, for it was neither objectively unreasonable nor prejudicial to Mr. Hoffman. Regarding the specific issues Mr. Hoffman raises in his motion: (i) the court didn't misconstrue and so fail to address his § 2255 petition, and the argument that it did so amounts to a "semantical dispute" regarding law versus fact, *see* <u>Griffin v. United States</u>, 502 U.S. at 59; (ii) as set out in its order, the court reached its decision based on the question of ineffective assistance under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and found there is no merit to his ineffective assistance claim under <u>Strickland</u> and <u>Stromberg</u>; and (iii) the court didn't abuse its discretion in denying

3

a hearing because the motion, files, and records conclusively show Mr. Hoffman is entitled to no relief, <u>Torzala v. United States</u>, 545 F.3d 517, 525 (7th Cir. 2008).

For the reasons stated, the court DENIES Mr. Hoffman's motion for certificate of appealability [Doc. No. 84].

SO ORDERED.

ENTERED:  December 7, 2009 


/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: J. Hoffman
    J. Barrett